NO. 07-10-00212-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 29, 2011

_____

REBECCA TERRELL AND
CHANDRASHEKHAR THANEDAR, APPELLANTS

v.

PAMPA INDEPENDENT SCHOOL DISTRICT, APPELLANT

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 35621; HONORABLE LEE WATERS, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellants, Rebecca Terrell and Chandrashekhar Thanedar,[1] are appealing the granting of a summary judgment in favor of PISD, Pampa Independent School District, regarding appellants' action alleging violations of the Texas Open Meetings Act (TOMA)[2] and a request to void all actions of PISD taken as a result of alleged illegal meetings. We will reverse and remand.

_____

[1] Appellants are husband and wife.

[2] See TEX. GOV'T. CODE ANN. §§ 551.001-.146 (West 2004 & Supp. 2010).

## Factual and Procedural Background

Appellant Terrell was a first-year teacher in the PISD whose probationary contract of employment was terminated by action of the PISD School Board on March 26, 2009. On May 29, 2009, appellants filed their original petition alleging numerous violations of TOMA and requesting that the trial court issue a temporary restraining order against PISD, issue a temporary and permanent injunction against PISD, and enter an order declaring that all meetings of the School Board held between certain specified dates to be void and that all actions taken by the School Board at those meetings to be void, specifically identifying the termination of Terrell's employment. Further, appellants requested that the trial court enter a writ of mandamus ordering the School Board to reinstate Terrell. Appellants requested an unspecified amount of damages, costs of court, and attorneys fees. PISD duly filed an answer to the allegations contained in appellants' original petition.

Appellants obtained a setting for a hearing on the application for a temporary injunction and, in connection with the setting, caused to be issued a *subpoena duces tecum* for PISD employee, Karen Linder. PISD filed an objection to the *subpoena duces tecum* and to certain of the documents requested. Appellants subsequently filed a motion to "show cause and strike defendant's original answer." The trial court granted PISD's objections to the *subpoena duces tecum* and denied appellants' motion to show cause and strike PISD's original answer by order dated June 10, 2009. After the trial court refused to enter a temporary restraining order, appellants requested the trial court to vacate a setting on the temporary injunction.

2

On June 15, 2009, appellants filed a traditional motion for summary judgment and a no-evidence motion for summary judgment. See TEX. R. CIV. P. 166a; 166a(i). After PISD had filed a response to the motions, appellants subsequently filed objections to PISD's summary judgment evidence. The trial court denied appellants' motion for summary judgment by order dated October 12, 2009. Appellants then filed a motion requesting the trial court to reconsider its ruling on the summary judgment and to enter a ruling on appellants' objections to PISD's summary judgment evidence. The trial court denied both the motion to reconsider and the objections to PISD's summary judgment evidence by order dated December 23, 2009. On that same day, PISD filed a traditional and no-evidence motion for summary judgment. On May 14, 2010, the trial court granted PISD's motion for summary judgment without specifying upon which ground the motion was granted.

Appellants appeal the order of the trial court, asserting an extensive number of reasons why the trial court's judgment was in error. The issues presented may be broken down into allegations that the trial court erred in not finding that PISD violated the provisions of TOMA regarding: 1) posting of notice of meetings, 2) requirements for specificity in the notice of meetings and the place of the meetings, 3) internet posting provisions, 4) requirement that all deliberations of the type involved be held in a public meeting, 5) allegations that the notices posted were not posted by a person with authority to post notices of meetings. In addition to the alleged violations of TOMA, appellants allege that the trial court erred in: 6) ruling on various objections to some of PISD's summary judgment evidence, 7) in granting PISD's motion for summary judgment, and 8) in denying appellants' motion for summary judgment. Because one of

3

the issues appellants raise regarding violations of TOMA is dispositive of this matter, we will address it first.

## Standard of Review

We review the granting or denial of a motion for summary judgment *de novo*. See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). When both parties file a motion for summary judgment, as in this case, and one is granted and one is denied then we, as the reviewing court, must determine all questions presented and render the judgment that should have been rendered by the trial court. See HCBeck, Ltd. v. Rice, 284 S.W.3d 349, 352 (Tex. 2009).

## Internet Posting of Notices

TOMA requires a school district, among other governmental bodies, to concurrently post notice of a School Board meeting on the school district's internet website. TEX. GOV'T CODE ANN. § 551.056(b) (West 2010).[3] Section 551.056 provides that a good faith attempt to comply with the requirements is not affected when the failure to comply with the requirement is due to a technical problem beyond the control of the school district. § 551.056(d).

The record before us clearly demonstrates that, for the period of time between January 15, 2009, and May 19, 2009, the notices of the School Board meetings could not have been posted on the PISD website. Further, summary judgment evidence proves that the failure to post was due to a cutting of the link between the software

---

[3] Further references to the Texas Government Code Annotated will be by reference to "section ___", "Section ___" or "§ ____."

program used to post the notices, BoardBook, and the website. PISD contends, through Linder's affidavit, that, although the link was cut to the website, the notices continued to be posted as required. They simply did not appear on the website.

According to PISD's theory, the failure to post was due to a technical problem beyond its control and, therefore, PISD's failure to post is excused under the good faith exception of the statute. Appellants, however, contend that the missing notices, when produced by PISD, reflect that they were "created" not around the time of the original meeting, but after PISD was notified of the failure of the connection between the software and the website. Under appellants' theory, this summary judgment evidence establishes a material fact issue regarding the good faith attempt of PISD to post the notices on its website as required by the statute. See § 551.056(d).

A review of the summary judgment evidence does, indeed, reflect that the notices in question show to have been "created" after PISD was notified of the failure to post the required website notices. Neither party offered any summary judgment evidence as to what the term "created," as it appears under the properties tab of the notice, means. Both parties have opined as to what it means. Appellants contend it means the notices were not prepared and entered until after the notification that PISD had failed to post notices of the School Board meetings as required. PISD contends "created" means the date the particular notice was printed for delivery to appellants. We, however, have no evidence to support either interpretation.

In our analysis of the summary judgment under the *de novo* standard of review, evidence favorable to appellants must be taken as true and every reasonable inference

5

must be indulged in favor of appellants. See Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005). Accordingly, we find that there is a material fact issue about whether PISD actually attempted to post the notices and, therefore, met the good faith exception to the requirement to concurrently post notices of the School Board meetings on its website.

PISD argues that this case is similar to the allegations in Argyle Indep. Sch. Dist. v. Wolf in which the Fort Worth court determined that there was no evidence of bad faith on the part of the school district. See 234 S.W.3d 229, 248-49 (Tex.App.—Fort Worth 2007, no pet.). However, in Argyle the parties had a stipulation of evidence that the webmaster had, in fact, received the notice of the meeting in question and attempted to post the same on the school district's website. See id. at 248. Further, the parties stipulated that the failure of the notice to appear was beyond the control of the school district and the problem was corrected a few hours before the meeting. See id. The evidence in Argyle is factually distinguishable from the summary judgment evidence in this case and does not control our disposition of this matter.

## Conclusion

Because the issue of concurrently posting notices on the PISD's website involves a genuine issue of material fact not established as a matter of law, we reverse the judgment of the trial court. We remand this matter for further proceedings consistent with this opinion.

Mackey K. Hancock
Justice

6