

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00267-CV

IN RE REBECCA TERRELL,
CHANDRASHEKHAR THANEDAR, RELATORS

ORIGINAL PROCEEDING

October 3, 2013

## ORDER

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Pending before this Court is Relators' *pro se* motion for emergency relief filed in connection with their pending *pro se* petition for writ of mandamus. See TEX. R. APP. P. 52.10. We have considered Relators' petition for writ of mandamus and responses thereto, Relator's motion for emergency relief, the response to said motion, and Relators' reply to said response.

In their petition for writ of mandamus, Relators request that this Court issue a writ of mandamus directing the trial court "(1) to hold hearing on all of plaintiffs' pending motions, and upon hearing, to rule on all of them in 30 days from the date of the Court's mandamus; (2) to conduct proceedings on this Court's specific reasons for remand . . . ;

(3) to conduct all other proceedings consistent with this Court's Mandate to bring this suit to a conclusion in an expeditious manner."

By letter dated August 23, 2013, the trial court set a hearing for October 9, 2013. Days later, Relators requested clarification, asking the trial court to specify "which motions and matters will be heard" at the October 9 hearing and specifically requesting that the trial court consider "the availability of post-remand discovery on the good faith issue" as identified in this Court's opinion remanding the cause on direct appeal.[1]  In an attempt to clarify and respond to Relators' concerns and questions, the trial court responded by letter dated September 17, 2013: "One full day has been set aside for trial and to hear all matters pending in the case including, but not limited to, pending motions and objections."  Based on the correspondence, it would appear that the trial court has set a hearing on all pending matters, precisely as Relators have requested in their petition seeking mandamus relief from this Court.

Seemingly still dissatisfied upon having received the relief they requested, Relators have filed their motion seeking emergency relief in which they now request that this "Court grant their motion for temporary relief and stay the trial court proceedings currently set for October 9, 2013[,] and vacate the trial setting of October 9, 2013[,] and order that any trial setting and deadlines be set in consultation with parties and with sufficient notice."

From the various submissions in this case, it has become clear to this Court that the trial court has set a hearing on the matters complained of in Relators' petition.  Now,

---

[1] See Terrell v. Pampa Indep. Sch. Dist., 345 S.W.3d 641 (Tex.App.—Amarillo 2011, pet. denied).

having gotten what they have requested, Relators now seek to stay the trial court proceedings. The basis for Relators' motion would appear to be an expression of need for further time to conduct discovery. However, this Court has noted that Relators specifically requested that the trial court consider the availability of such in their August 26 letter to the trial court requesting clarification. Simply put, from the various pleadings and records filed in connection with this original proceeding, Relators request in their motion that this Court stay the very proceedings which they have urgently requested. This Court refuses to grant such emergency relief and expresses its displeasure with having been confronted with such a request.

This Court denies Relators' Motion for Temporary Relief in which it asks the Court to stay the hearing set in response to Relators' petition requesting that a hearing be set. The hearing set for October 9, 2013, will be conducted per the trial court's direction.

Further, this Court has recognized Real Party in Interest's motion for sanctions filed contemporaneously with its response to Relators' motion for emergency relief. Said motion will be held in abeyance and carried with this cause. The Court reserves its authority to call upon Relators to respond to said motion at a later date as it may become appropriate. See TEX. R. APP. P. 52.11.

IT IS SO ORDERED.

Per Curiam

3